IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD M. BIRD,

    Plaintiff,                              No. CIV S-07-0506 GEB CMK

    vs.

DOUG LAMALFA, et al.,            <u>ORDER &</u>

    Defendant.                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff avers that he is a retired general contractor, and his only income is $700.00 per month from social security. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an

immune defendant. Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

On March 15, 2007[1], plaintiff filed a 13 page petition for a writ of mandamus. Plaintiff seeks an order from this court directing defendants Assemblyman Doug LaMalfa and California State Senator S. Joseph Simitian, to introduce legislation changing the language in the California Vehicle Code. Plaintiff alleges that the current language violates the Seventh Amendment of the Constitution by denying California citizens a right to a jury trial for motor vehicle offenses.

The federal courts' authority to issue extraordinary writs, including writs of mandamus, derives from the All Writs Act, 28 U.S.C. § 1651(a). The primary purpose of a writ of mandamus is to enforce an established right and compel the performance of a corresponding legal duty created or imposed by law. See Gregris v. Edberg, 645 F.Supp. 11153 (W.D.Pa. 1986). In other words, writs in the nature of mandamus are to compel an administrative officer to do a nondiscretionary administrative act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In his petition for mandamus, plaintiff concedes that the court cannot compel the defendants to perform a "mere ministerial act..." (Doc. 1 at 5:15-18.) He argues that the court can compel defendants to "support, defendant, and adhere" to the United States Constitution. (Id. at 19-23.) In short, he wants the court to order the defendants to obey their oath of office and "acknowledge the fact and exact true wording of the 7th Amendment." (Id. at 18-21.) While defendants have a duty as part of California's legislature to obey their oaths of office and to obey the United States Constitution, they have no legal duty to introduce specific legislation, and it is clear from plaintiff's petition that he wants the court to force defendants to introduce legislation that

---

[1] The court notes that the filing date was apparently deliberate–on the last page of his 13 page petition, plaintiff notes that March 15 is the "ides of March" and includes the quote "et tu Brute," which Caesar is rumored to have said when he discovered that his friend Marcus Brutus was involved in the assignation attempt against him.

would change California's current laws to allow for a jury trial for motor vehicle violations.

Because it appears that allowing plaintiff to amend his complaint would be futile, the court recommends that this action be dismissed for failure to state a claim upon which relief can be granted.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

IT IS ORDERED that plaintiff's request to proceed in forma pauperis is granted.

IT IS RECOMMENDED that this action be dismissed for failure to state a claim up on which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

April 17, 2007

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE